# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KELVIN J. ROBBINS, )
          Plaintiff, )
)
v. ) Case No. CV414-230
)
UNIVERSAL MUSIC GROUP, )
UNIVERSAL REPUBLIC RECORDS, )
UNIVERSAL MOTOWN RECORDS, and )
UNIVERSAL MOTOWN, )
)
          Defendants. )

## REPORT AND RECOMMENDATION

Before the Court is yet another in a long series of baseless copyright actions commenced by Kelvin Robbins. (Doc. 1.) It appears to be the first in a new wave of filings, for he states that he intends to file several other claims "very soon!!!" (*Id.* at 4.) Because his latest complaint is clearly baseless and duplicative, *see, e.g. Robbins v. Universal Music Group*, CV412-292 (S.D. Ga. Apr. 24, 2013), it is subject to immediate dismissal pursuant to 28 U.S.C. § 1915(e).[1] But more is

---

[1] As Robbins is indigent, the Court **GRANTS** his request to proceed without prepayment of the filing fee. (Doc. 2 (motion to proceed *in forma pauperis* ("IFP")).

required here than just another routine dismissal order, for the burden of addressing Robbins' many frivolous claims has now reached the point that the Court should take additional measures to protect itself and the public from this abusive litigant.

Robbins substantially repeats the same allegations that he has made against numerous other record companies and musicians. He insists that defendants stole music from his Myspace page, reengineered it, and had famous artists use it as the basis for certain hit songs. (Doc. 1 at 3-4.) Showing signs characteristic of mental illness, he now insists that "most of these folks ha[ve] stolen other unpublished music from me by hacking my VS2480 mixer I own[.] I h[ear] my music being played outside of [my] apt." (*Id.* at 4.)

The Court need not speculate as to Robbins' mental condition. He has been barred from the courthouse due to his erratic behavior, threatening phone calls, and for stealing a call bell from the clerk's filing window. In fact, he was charged with, *inter alia*, creating a nuisance, stealing property, and threatening to assault a federal officer. *United States v. Robbins*, No. MJ413-034 (S.D. Ga. June 23, 2014). During the

pendency of that case, the issue of Robbins' competency to stand trial loomed large. He admitted that he experiences "both auditory and visual hallucinations (he hears voices, sees angels, and talks to birds) and is experiencing 'prominent persecutory and grandiose delusions that consume his thinking and make it difficult for him to focus on other topics.'" *Id.*, doc. 18 at 2 (Report and Recommendation recommending that defendant be found not competent to stand trial and that he be committed for a four month period to determine whether competency could be restored), *adopted* doc. 20. The United States ultimately dismissed the charges without prejudice "based upon a presently existing ambiguity regarding the defendant's mental competence at the time of the offense." *Id.*, doc. 23.

Robbins is a man with a delusional and disturbed mind who believes that musicians, record companies, and the federal courts are depriving him of vast sums of money to which he is entitled. The federal courts "are all too familiar" with this sort of litigant. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *id.* at 325 (holding that a complaint is "frivolous" within the meaning of § 1915(d) (now codified as §

1915)(e)) when it "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). It is this Court's statutory duty to dismiss *sua sponte* an IFP complaint that has no factual or legal basis to support it. 28 U.S.C. § 1915(e) (requiring a court to dismiss a civil action "at any time" that it is determined to be "frivolous or malicious" or legally insufficient). The factual allegations of Robbins' latest complaint certainly qualify as frivolous within the meaning of this statute, it is likely estopped by his prior with-prejudice dismissals, and he has failed to pay the frivolity bond required by this Court as set forth in *Robbins v. Universal Music Group*, No. CV412-292 (S.D. Ga. Apr. 24, 2013). The immediate dismissal of his complaint, prior to its service upon the defendant, is not only appropriate but statutorily required.

This is Robbins' eleventh case since 2011 treading the same ground and his fourteenth civil action in that time period.[2] He is a time-sapping

---

[2] *See Robbins v. Universal Music Group*, No. CV413-114 (S.D. Ga. July 25, 2013) (dismissed for failing to pay frivolity bond); *Robbins v. Universal Group*, No. CV412-292 (S.D. Ga. Apr. 24, 2013) (dismissed for paying frivolity bond using illegally obtained funds, and for lying to the Court); *Robbins v. Universal Music Group*, No. CV412-314 (S.D. Ga. Apr. 11, 2013) (dismissed for failing to pay frivolity bond); *Robbins v. Universal Motown*, No. CV412-208 (S.D. Ga. Sept. 26, 2012) (dismissed as frivolous); *Robbins v. Raymond*, No. CV411-193 (S.D. Ga. July 31, 2012) (dismissed with prejudice at summary judgment, but noting a plethora of frivolous filings);

litigation menace to this Court and needs to be reined in. This Court has both the inherent power and the constitutional duty to protect itself from an abusive litigant whose repeated frivolous filings "impair its ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc); *accord Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008); *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2nd Cir. 1984); *Green v. Carlson*, 649 F.2d 285, 286-87 (5th Cir. 1981).[3] Every lawsuit or paper filed with the Court, no matter how frivolous or repetitious, requires the investment of the Court's time and imposes a burden on its limited resources. *In re McDonald*, 489 U.S. 180, 184 (1989); *Procup*, 792 F.2d at 1072. The Court has the responsibility of

---

*Robbins v. Bad Boy Ent.*, No. CV411-190 (S.D. Ga. Sept. 8, 2011) (dismissed for failing to pay frivolity bond); *Robbins v. The Island Def jam Music Group*, No. CV411-163 (S.D. Ga. Aug. 1, 2011) (dismissed as frivolous and for failing to pay the frivolity bond); *Robbins v. Universal Motown*, CV411-151 (S.D. Ga. June 30, 2011) (dismissed with prejudice as frivolous and imposing a $100 frivolity bond); *Robbins v. DefJam Records*, No. CV410-208 (S.D. Ga. June 17, 2011) (dismissed at summary judgment); *Robbins v. Roland Corporation*, No. CV411-033 (S.D. Ga. Apr. 25, 2011) (dismissed as frivolous); *Robbins v. Social Security*, No. CV411-035 (S.D. Ga. Apr. 14, 2011) (dismissed for failing to exhaust his administrative remedies); *Robbins v. Chatham County Superior Court*, No. CV411-052 (S.D. Ga. Mar. 28, 2011) (dismissed for lack of jurisdiction); *Robbins v. City of Savannah*, No. CV411-034 (S.D. Ga. Mar. 21, 2011) (dismissed because it was filed outside of the applicable limitations period).

[3] This decision of the Fifth Circuit, entered before September 30, 1981, is binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

5

ensuring that those resources "are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184. That goal is not furthered when the Court tolerates repeated filings from a litigant alleging delusional or fantastic claims, for the continual processing of such a flood of frivolous litigation from a single litigant necessarily "encroach[es] on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074; *McDonald*, 489 U.S. at 184

The federal courts have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial filing of frivolous lawsuits, *Procup*, 792 F.2d at 1072, and they have "considerable discretion" in selecting the appropriate measure to curtail such abuse. *Id.* at 1074. While the courts may not "completely close the courthouse doors to those who are extremely litigious," *Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991), they are empowered to impose severe restrictions on an abusive litigant's ability to file further cases. For instance, they may require such a litigant "to seek leave of court before filing pleadings in any new or pending lawsuit." *Procup*, 792 F.2d at

1072. And "'[a]s new ideas develop and old devices prove ineffective, the judiciary must respond with imaginative new techniques designed to protect the court access of all litigants.'" *Miller*, 541 F.3d at 1097 (quoting *Procup*, 792 F.2d at 1073).

Kelvin Robbins is clearly an abusive litigant who has consumed a disproportionate share of this Court's resources with his many frivolous complaints. In order to curb further abuse, conserve judicial resources needed for other litigants, and yet still provide him with meaningful court access, the Court imposes the following restrictions on all future civil actions sought to be commenced by Robbins.

1. As to any future civil actions sought to be commenced IFP by Robbins, the Clerk shall receive the papers, open a single miscellaneous file for tracking purposes,[4] and forward the papers to the presiding district judge in this case for a determination as to whether Robbins qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a *plausible* claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster

---

[4] All future filings from Mr. Robbins will be docketed under that miscellaneous case number, unless the Court orders otherwise as to any particular pleading.

under 28 U.S.C. § 1915(e) will be dismissed *without any further judicial action* after 30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.). Thus, although the Court will read and consider any future IFP application and complaint that Robbins endeavors to file IFP, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Robbins that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).[5]

2. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive except for a notice of appeal. (Any papers other than a notice of appeal shall be

---

[5] Any cases dismissed in this manner may be resubmitted for filing *provided* Robbins pays the filing fee. The Clerk shall use the attached Notice when communicating with Robbins.

8

returned to Robbins unfiled.) If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. Robbins shall remain responsible for appellate filing fees (or he may move this Court for IFP status on appeal).

3. To ensure that all future Robbins pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Robbins complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. Robbins may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Robbins is named as a defendant, or to any *proper* application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be

forwarded to each judicial officer in this District.

Robbins's present complaint should be dismissed without prejudice to his right to resubmit the complaint accompanied by the full filing fee. All future civil actions sought to be filed by Robbins shall be subject to these restrictions. *See Finch-Grant v. Lang*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014), *adopted*, 2014 WL 4385716 (S.D. Ga. Sept. 4, 2014).

**SO REPORTED AND RECOMMENDED** this ___27th___ day of October, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA